UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| ESTATE OF MARTY LYNN RAINEY, et al., | ) | |
|---|---|---|
| Plaintiffs, | ) | |
| v. | ) | No. 1:17CV96 RLW |
| STE. GENEVIEVE COUNTY, et al., | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER OF DISMISSAL

This matter is before the Court on Plaintiffs' Motion for Sanctions and Hearing (ECF No. 36) and Motion for Leave to Dismiss without Prejudice (ECF No. 42). Defendants have filed responses in opposition, and Plaintiffs have filed reply briefs.

On June 2, 2017, Plaintiffs filed a Complaint in federal court seeking monetary damages related to the death of Marty Lynn Rainey while he was incarcerated at the Ste. Genevieve County Jail. (ECF No. 1) Plaintiffs filed an Amended Complaint on November 20, 2017 and a Second Amended Complaint on February 21, 2018. (ECF Nos. 16, 23) On July 13, 2018, Defendants filed a Motion to Strike Plaintiff's Designation of Melissa Ussery as an Expert. (ECF No. 31) As part of their response in opposition to the motion to strike, Plaintiffs filed a Motion for Sanctions and Hearing on July 26, 2018, alleging that their designated expert, Melissa Ussery, informed Plaintiffs that she could not serve as Plaintiffs' expert based on a direct order from her employer, Greene County Sheriff Jim Arnott. (ECF. No. 36) According to Plaintiffs, Defendant Gary Stolzer called Sheriff Arnott to inform Arnott that Ms. Ussery was providing private expert services outside her duties as a staff psychologist for the Greene County Sheriff's Department. (*Id.*) Plaintiffs request that as a sanction, the Court strike Defendants' pleadings and proceed with a trial on damages alone.

1

On August 10, 2018, Plaintiffs filed the instant motion to voluntarily dismiss their cause of action without prejudice as alternate relief in the event the Court denied their motion for sanctions. (ECF No. 42) On August 17, 2018, Defendants filed a response in opposition, asserting that Defendants would be prejudiced if the Court allowed Plaintiffs to dismiss their Complaint at this late date because Defendants have expended considerable effort and expense in defending the case. (ECF No. 47) Defendants ask the Court to deny Plaintiffs' motion, or in the alternative, to award Defendants' costs and attorneys' fees accrued in this matter. In Plaintiffs' reply, they contend that the need for dismissal arises from the actions of Defendant Gary Stolzer and that Plaintiffs will pay costs if the suit is refiled. (ECF No. 48)

Under Rule 41of the Federal Rules of Civil Procedure, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). "Voluntary dismissals pursuant to Federal Rule of Civil Procedure 41(a)(2), and the terms of such dismissals, are addressed to the discretion of the district courts." *Garner v. Union Pac. R.R. Co.*, No. 4:15CV00733 AGF, 2016 WL 612765, at *2 (E.D. Mo. Feb. 16, 2016) (citation omitted). When considering a motion for voluntary dismissal, courts consider:

> "whether the party has presented a proper explanation for its desire to dismiss; whether a dismissal would result in a waste of judicial time and effort; and whether a dismissal will prejudice the defendants. Likewise, a party is not permitted to dismiss merely to escape an adverse decision nor to seek a more favorable forum."

*Thatcher v. Hanover Ins. Grp., Inc.*, 659 F.3d 1212, 1213-14 (8th Cir. 2011) (quoting *Hamm v. Rhone-Poulenc Rorer Pharm., Inc.*, 187 F.3d 941, 950 (8th Cir. 1999)).

Here, Plaintiffs set forth their reasons in the motion to dismiss, asserting that they no longer have an expert witness to testify regarding causation to support Plaintiffs' wrongful death claims, and the deadline for naming experts has expired. Plaintiffs request that if the Court is not inclined to grant their motion for sanctions, the Court should dismiss the action without

2

prejudice. Plaintiffs assert that they will comply with any applicable rules regarding payment of costs should they refile the case in state or federal court.

Upon review of the motions and related memoranda, the Court finds that this cause of action should be dismissed. While the Court sympathizes with Plaintiffs' loss of their expert, nothing in their motion for sanctions indicates conduct on the part of Defendant Gary Stolzer which would warrant striking the defenses of all named Defendants and proceeding on damages alone. Further, the Court notes that the motion for summary judgment is not fully briefed such that the Court has not yet addressed the motion. However, the Court also finds that the imposition of fees and costs as a condition of dismissal is appropriate, as Plaintiffs' motion indicates their intent to possibly refile the case in state or federal court.

"Upon granting a voluntary dismissal, a court may, in its discretion, award costs to the defendant that were incurred in defending the action prior to the voluntary dismissal." *Johnson v. Int'l Bhd. Of Elec. Workers, Local 1*, No. 4:10CV2111 CDP, 2012 WL 368713, at *2 (E.D. Mo. Feb. 3, 2012) (citing *Sequa Corp. v. Cooper*, 245 F.3d 1036, 1038 (8th Cir. 2011)). This includes imposing the condition that the plaintiff pays reasonable attorney's fees incurred by defendant in defending the suit. *Id.* (citation omitted). The Eighth Circuit "has held that under certain circumstances, it is an abuse of discretion for a district court not to condition a voluntary dismissal upon plaintiff's payment of costs and attorney's fees if the case is refiled." *Belle-Midwest, Inc. v. Missouri Prop. & Cas. Ins. Guar. Ass'n*, 56 F.3d 977, 978 (8th Cir. 1995) (citation omitted). "However, the district court may deduct from such an award 'any expenses [the defendant] incurred in the instant action for work that can be reused in the subsequent litigation.'" *Garner v. Union Pac. R.R. Co.*, No. 4:15CV00733 AGF, 2016 WL 612765, at *3 (E.D. Mo. Feb. 16, 2016) (quoting *Pruiett v. Doe*, No. 4:12-CV-1813-SPM, 2013 WL 1342369, at *3 (E.D. Mo. Apr. 3, 2013)).

3

Here, the Court finds that an award of costs and attorney's fees is warranted. The case has been pending for over a year, and substantial discovery has been conducted. Defendants incurred costs in defending this action before Plaintiffs filed the motion for voluntary dismissal. In the event that Plaintiffs refile this or a similar action, the Court will award Defendants their costs and attorney's fees, less any expenses incurred for work that can be reused in the subsequent litigation, as a condition of dismissal. *Sequa Corp.*, 245 F.3d at 1038; *Garner*, 2016 WL 612765, at *3.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Sanctions and Hearing (ECF No. 36) is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Dismiss without Prejudice (ECF No. 42) is **GRANTED**.

**IT IS FURTHER ORDERED** that as condition of dismissal Defendants shall submit a bill of costs and an itemization of attorney's fees consistent with this Order within ten (10) days of the date that Plaintiffs refile the action in state or federal court.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Enforce Discovery and for Sanctions (ECF No. 30) is **DENIED** as **MOOT.**

**IT IS FURTHER ORDERED** that Defendants' Motion to Strike Plaintiffs' Designation of Melissa Ussery as an Expert (ECF No. 31) and Motion for Summary Judgment (ECF No. 39) are **DENIED** as **MOOT.**

**IT IS FINALLY ORDERED** that this cause of action is **DISMISSED without prejudice**.

Dated this 27th day of August, 2018.

_____
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**