# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| ESTATE OF MARTY LYNN RAINEY, et al., | ) |
| Plaintiffs, | ) ) ) |
| v. | ) No. 1:17CV96 RLW |
| STE. GENEVIEVE COUNTY, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Motion to File Bill of Costs and Itemization of Attorney's Fees out of Time. (ECF No. 51) The motion is fully briefed and ready for disposition. Upon review of the motion and related memoranda, the Court will grant the motion to file out of time, tax costs against the Plaintiffs, and hold the requested attorney's fees in abeyance pending further briefing upon the completion of the State court action.

This case stems from the death by suicide of Marty Lynn Rainey ("Rainey") while incarcerated at the Ste. Genevieve County Jail. (Pls.' Second Am. Compl. ¶¶ 26, 57, ECF No. 23) Plaintiffs, the beneficiaries of Rainey's estate, sought monetary damages resulting from Ste. Genevieve County and law enforcement officers' alleged violations of Rainey's rights under the United States Constitution and Missouri law. After Plaintiffs' designated expert withdrew, Plaintiffs filed a motion to voluntarily dismiss their cause of action without prejudice. (ECF No. 42) On August 27, 2018, the Court granted the motion and dismissed the action without prejudice. (ECF No. 50) As a condition of dismissal, the Court ordered Defendants to submit a bill of costs and an itemization of attorney's fees, less any expenses incurred for work that could

be reused in subsequent litigation, "within ten (10) days of the date that Plaintiffs refile the action in state or federal court." (*Id.*)

On November 6, 2018, Defendants filed the present Motion to File Bill of Costs and Itemization of Attorney's Fees out of Time, indicating that Plaintiffs refiled their claim in the Circuit Court of Ste. Genevieve County on October 19, 2018. However, Defendants did not become aware of such refiling until after the expiration of the 10 day requirement due to delays in Missouri's Case.net system, lack of advance electronic notification to defendants in new causes of action, and failure of Plaintiffs' counsel to notify Defendants of the refiled claim. Defendants also submitted a Bill of Costs in the amount of $905.00 and an Itemization of Attorney's Fees in the amount of $44,875.64. (ECF No. 52)

Plaintiffs have objected to Defendants' motion, asserting that the bill of costs and itemization of attorney's fees is untimely. To the extent that the Court grants the motion to file out of time, Plaintiffs have no opposition to the expenses contained in the bill of costs but do object to the amount of attorney's fees sought by Defendants. Plaintiffs contend that Defendants failed to comply with the Court's order by failing to reduce the amount by work that could be reused in subsequent litigation. Further, Plaintiffs maintain that much of the work can be reused, including the deposition of the expert who has again been retained in the state case.

Defendants, on the other hand, claim that most of the work performed in the federal case cannot be reused, including the deposition of the expert who must be re-deposed. Defendants have submitted a new breakdown of fees incurred from the federal case that may not be used in the subsequent litigation, which totals $40,541.99.

The Court agrees with the Plaintiffs that this amount appears excessive in light of the fact that Plaintiffs have raised the same wrongful death claim in State court and are using the same

expert, whose new employer allows her to perform outside consulting. (Pls.' Ex. A, ECF No. 53-1) While Defendants may not be able to reuse some of the previous work, their allegation that nearly all of the work in the federal case, including discovery responses, depositions, and pleadings, is unusable appears speculative at this time. Thus, the Court will allow the parties to supplement the pleadings pertaining to Defendants' itemization of attorney's fees upon the completion of the State court proceedings when Defendants are able to make a more convincing showing that the work in the federal case was useless in the State court action. Such new itemization shall also include unredacted invoices filed under seal to allow the Court to determine the reasonableness of the attorney's fees.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to File Bill of Costs and Itemization of Attorney's Fees out of Time (ECF No. 51) is **GRANTED.**

**IT IS FURTHER ORDERED** that costs shall be taxed in favor of Defendants and against Plaintiffs in the amount of $905.00 as set forth in Defendants' Exhibit B (ECF No. 52-2).

**IT IS FINALLY ORDERED** that the parties may supplement their pleadings pertaining to Defendants' itemization of attorney's fees when the State court proceedings are completed to allow the Court to review the reasonableness of the request.

Dated this 3rd day of April, 2019.

_____
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**